Barry J. Kell
CALL, HANSON & KELL, P.C.
250 H Street
Anchorage, Alaska 99501-2112
(907) 258-8864
(907) 258-8865 (fax)
E-mail: barry@chklaw.net

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| ALLSTATE INSURANCE COMPANY, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>CAROLINE PROSSER, )<br>)<br>Defendant. ) | |
| ) Case No. A05-060-CI (JWS) | |

### MEMORANDUM IN SUPPORT OF ALLSTATE'S MOTION FOR SUMMARY JUDGMENT DISMISSING PROSSER'S PUNITIVE DAMAGES CLAIMS

In her Counterclaim filed in this case, defendant Caroline Prosser ("Prosser") alleges that she is entitled to recover punitive damages against plaintiff Allstate Insurance Company ("Allstate") under the uninsured motorist ("UM") coverage deemed to be available under her Allstate personal umbrella policy ("PUP"), based on the conduct of the three persons who assaulted and kidnapped her.

*Allstate v. Prosser*
Case No. A05-060 Ci. (JWS)
Allstate's Memorandum in Support of Motion for Summary Judgment
  Dismissing Prosser's Punitive Damages Claims
Page 1

Under this court's February 24, 2006 Order on the parties' respective summary judgment motions, however, Prosser may not recover punitive damages because any conduct giving rise to an award of such damages occurred either during the initial assault against her or during the time in which she was held captive in her vehicle. Doc. 29. Moreover, even if this court had not already ruled that Prosser may not recover UM benefits based on torts committed against her prior to the time she jumped from the vehicle, punitive damages are not recoverable as a matter of law under the statutory UM coverage deemed to be provided under the PUP.

Accordingly, Allstate is entitled to summary judgment in its favor, dismissing with prejudice Prosser's punitive damages claims.

## I.   FACTS.

The relevant facts for the most part are undisputed, and are set forth in detail in Allstate's Memorandum in Support of Summary Judgment dated October 7, 2005, Doc. 17, which Allstate incorporates by reference for purposes of the present motion. To summarize, on May 18, 2001, Prosser was assaulted by three teenagers as she was preparing to enter her vehicle in the J.C. Penney's parking garage in downtown Anchorage. While she was standing next to her vehicle, her assailants struck her with their fists and the butt of a gun before eventually forcing her into the vehicle's back seat. The attackers drove the vehicle, with Prosser in the back seat, around

CALL, HANSON & KELL, P.C.
250 H. Street
Anchorage, Alaska 99501-2112
Phone (907) 258-8864 • Fax (907) 258-8865

Anchorage for about an hour. Prosser eventually jumped from the vehicle as it went through the intersection of Northern Lights and Turnagain; as Prosser herself emphasizes in her deposition testimony and her summary judgment pleadings, she jumped from the vehicle because she believed, based on the prior acts of her assailants and the threats they made against her while she was in the vehicle, that they were preparing to kill her.

## II.    RELEVANT INSURANCE STATUTORY PROVISIONS

As discussed in Allstate's previous summary judgment pleadings, and as the court recognized in the February 24, 2006 summary judgment order, even though the PUP does not by its terms provide UM coverage, the policy is deemed to provide such coverage under the Alaska Supreme Court's holding in *Holderness v. State Farm Fire and Casualty Company*, 24 P.3d 1235, 1238-39 (Alaska 2001). The UM coverage deemed to be provided under the PUP must "conform with statutory requirements" as set forth in AS 21.89.020(c). *State Farm Mutual Automobile Insurance Company v. Harrington*, 918 P.2d 1022, 1025 (Alaska 1996).

## III.    STANDARD FOR SUMMARY JUDGMENT

Under FRCP 56, summary judgment should be granted where there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. The moving party has the burden of proving the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477

CALL, HANSON & KELL, P.C.
250 H. Street
Anchorage, Alaska 99501-2112
Phone (907) 258-8864 • Fax (907) 258-8865

U.S. 317, 323, 106 S.Ct. 2548 (1986). Once the moving party has met this burden, the nonmoving party must set forth evidence of specific facts showing the existence of a genuine issue for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-49, 106 S.Ct. 2505 (1986). While all reasonable inferences based on established facts must be drawn in favor of the nonmoving party, *id.* at 255, the nonmoving party may not rest upon mere allegations or denials, but must show that there is sufficient evidence supporting the claimed factual dispute to require a fact-finder to resolve the parties' differing versions of the truth at trial. *Id.* at 248-49.

## IV. ARGUMENT

A. <u>Prosser Cannot Recover Punitive Damages Under the UM Coverage Because All Conduct that Might Give Rise to Punitive Damages Claims Occurred Prior to Prosser's Jump from the Vehicle.</u>

This court in its February 24, 2006 summary judgment order held that, while Prosser may recover, under the PUP's UIM coverage, any damages arising from her jump from the moving vehicle in which she was being held, she may not recover damages arising from any acts of or harm inflicted by her assailants prior to her jump. Doc. 29 at 12. Prosser does not dispute that she jumped from the vehicle solely because she was terrified that her assailants would carry out their repeated threats to kill her. Those threats, and the beating her assailants inflicted on Prosser that underscored her fear of further harm, occurred before she jumped from the

CALL, HANSON & KELL, P.C.
250 H. Street
Anchorage, Alaska 99501-2112
Phone (907) 258-8864 • Fax (907) 258-8865

vehicle. Once she had begun her leap from the moving vehicle, Prosser's assailants committed no act against her sufficient to give rise to a claim for punitive damages. Therefore, consistent with this court's prior order in this case, Allstate is entitled to summary judgment in its favor, dismissing with prejudice Prosser's punitive damages claims.

Prosser does not contest that she jumped from the vehicle because her assailants were threatening to kill her; indeed, she goes to great lengths in her earlier summary judgment briefing to emphasize that it was her sense of terror resulting from the acts and threats of her assailants prior to and during her abduction that caused her to jump. Doc. 16 at 14-15. Under the court's prior summary judgment order, though, Prosser is precluded from recovering damages arising from those acts and threats because any such damages did not arise from the ownership, maintenance, or use of an uninsured motor vehicle. The court determined that Prosser's claims based on her emotional distress while being held captive in the vehicle are not within the UM coverage because the vehicle was "merely the location of the injury" and was "not an active accessory" in bringing about the injury, and because "the criminal acts were acts of independent significance breaking the necessary causal connection to the motor vehicle." Doc. 29 at 11-12. The court emphasized that "[i]t was quite literally the acts and threats of the criminals which caused the anxiety. Without them no anxiety would have

been experienced . . ..." Doc. 29 at 12. The court thus limited Prosser's recovery under the UM coverage to any damages Prosser may have suffered other than those arising from injuries caused by her jump.

The same limitation applies to Prosser's punitive damages claims. Prosser's assailants committed crimes and other torts against her when they accosted her in the parking garage, and their criminal and tortious conduct continued throughout the time that they held her captive in her vehicle. While that conduct certainly could expose the assailants to punitive damages, it did not arise from the ownership, maintenance, or use of an uninsured motor vehicle. Prosser jumped because of the violence and threats committed against her. None of the criminals committed any act against her once she opened the car door and launched herself through it, and therefore Prosser has no claim for punitive damages as a result of her jump from the vehicle.

The only tortious acts committed by the criminals who so beat and terrorized Prosser that she elected to jump from a moving vehicle to escape them occurred prior to or during the time she was in the vehicle. The court having already ruled that the UM coverage available under the PUP does not apply to any damages Prosser may have sustained prior to her jump, Allstate is entitled to summary judgment dismissing her punitive damages claims.

CALL, HANSON & KELL, P.C.
250 H. Street
Anchorage, Alaska 99501-2112
Phone (907) 258-8864 • Fax (907) 258-8865

B.  The Statutory UM Coverage Deemed to be Provided Under the PUP Does Not Apply to Punitive Damages.

Under Alaska law, the PUP is deemed to provide UM coverage in accordance with the statutory requirements. *State Farm Mutual Automobile Insurance Company v. Harrington, supra*, 918 P.2d at 1025. The UM coverage provided under an auto policy must "mirror" the coverage provided under the policy's liability coverage. *Id.* at 1026. However, there is no statutory requirement that UM coverage provide coverage for punitive damages, and the liability coverage available under the PUP excludes such coverage. Therefore, even if the court concludes that the February 24, 2006 summary judgment order does not prevent Prosser from asserting punitive damages claims in this case, the statutory UM coverage available under the PUP does not cover punitive damages as a matter of law.

There is no express provision of the Alaska Statutes that imposes a requirement that UM coverage apply to punitive damages claims. Moreover, *State Farm Mutual Automobile Ins. Co. v. Lawrence*, 26 P.3d 1074 (Alaska 2001) makes it clear that no such provision may be implied. *Lawrence* arose from underinsured motorist ("UIM") claims, including claims for punitive damages, made by the Lawrences under three identical State Farm policies. Although the UIM coverage provisions under the policies did not specifically exclude coverage for punitive damages, State Farm contested the Lawrences' right to recover punitive damages under the UIM coverage. The

CALL, HANSON & KELL, P.C.
250 H. Street
Anchorage, Alaska 99501-2112
Phone (907) 258-8864 • Fax (907) 258-8865

Superior Court ruled that the State Farm UIM coverages did provide coverage for punitive damages, and the Supreme Court affirmed.

The Court based its ruling on AS 21.89.020(c) and the *Harrington* "mirror rule". The Court noted that AS 21.89.020(c) "describes the UM/UIM coverage that insurance companies offering automobile liability insurance must offer to insureds," and that "'the evident purpose of section 020(c)(1) is to provide for the insured, as an injured claimant, the same benefit level as that provided by the insured to those asserting claims against the insured.'" 26 P.3d at 1079, quoting *Harrington*, 918 P.2d at 1026. Neither the liability coverage nor the UIM coverage under the Lawrences' policies contained a punitive damages exclusion. The Court held that, because the liability coverage under the Lawrences' policies did not exclude coverage for punitive damages, the UIM coverage also would be construed to cover punitive damages claims. 26 P.3d at 1079-80.

Implicit in the *Lawrence* opinion is the conclusion that Alaska law does not require that the UM coverage under an auto liability policy provide coverage for punitive damages if the liability coverage does not provide such coverage. Had the liability coverage under the Lawrences' policies excluded punitive damages, it follows that, under the mirror rule upon which that opinion is based, the Court would not have imputed coverage for punitive damages to the UM coverage. Likewise, if the UM statutes required coverage

CALL, HANSON & KELL, P.C.
250 H. Street
Anchorage, Alaska 99501-2112
Phone (907) 258-8864 • Fax (907) 258-8865

for punitive damages, then the Court would not have needed to base its decision on an analysis of the mirror rule and the provisions of the liability coverage in the first place. It thus is clear that Alaska law does not impose an independent requirement that punitive damages be covered under the UM coverage.

The liability coverage under Prosser's PUP specifically excludes coverage for punitive damages. The basic liability coverage provision under the PUP states:

> Allstate will pay damages which an insured person becomes legally obligated to pay because of bodily injury, personal injury or property damage, subject to the terms, conditions and limits of this policy. Bodily injury, personal injury and property damage must arise from a covered occurrence. We will not pay any punitive or exemplary damages, fines and penalties.

Exhibit A at 13.

Because the liability coverage under the PUP does not cover punitive damages, there is no requirement under *Lawrence*, *Harrington*, or any provision of Alaska law that the statutory UM coverage deemed to exist under the PUP apply to punitive damages. Accordingly, Allstate is entitled to summary judgment dismissing Prosser's punitive damages claims.

## **CONCLUSION**

Because this court already has ruled that Prosser may not recover any damages arising from her assailants' conduct prior to the time she jumped from the vehicle, and because any conduct on their part that

*Allstate v. Prosser*
Case No. A05-060 Ci. (JWS)
Allstate's Memorandum in Support of Motion for Summary Judgment
   Dismissing Prosser's Punitive Damages Claims
Page 9

possibly could give rise to claims for punitive damages occurred prior to the jump, Prosser may not assert claims for punitive damages against Allstate in this case. Also, because Alaska law does not require that the PUP be deemed to cover punitive damages under the UM coverage and there is no policy provision requiring such coverage, Prosser may not recover punitive damages in this case.

Therefore, Allstate respectfully requests that this court grant summary judgment in its favor and against Prosser, dismissing with prejudice Prosser's punitive damages claims against Allstate.

CALL, HANSON & KELL, P.C.,
Attorneys for plaintiff Allstate

DATED: 1/10/07          By: /S/
                        Barry J. Kell
                        Ak Bar No. 8611120

**CERTIFICATE OF SERVICE**

I certify that on this the 10th
day of January, 2007, a true
and correct copy of the foregoing
document, and attachments if
any, were served electronically upon
the following counsel of record:

William L. Choquette, Esq.
Choquette & Farleigh, LLC
629 L Street, Suite 101
Anchorage, Alaska  99501


By:_____

G:\00 CHK Law\Allstate\2101\005 - Prosser\Pleadings\MSJ re punitive damages.doc

*Allstate v. Prosser*
Case No. A05-060 Ci. (JWS)
Allstate's Memorandum in Support of Motion for Summary Judgment
    Dismissing Prosser's Punitive Damages Claims
Page 10

CALL, HANSON & KELL, P.C.
250 H. Street
Anchorage, Alaska 99501-2112
Phone (907) 258-8864 • Fax (907) 258-8865