William L. Choquette
ABA No. 7410066
Choquette & Farleigh, LLC
629 L Street, Suite 101
Anchorage, Alaska 99501
Telephone: (907) 274-4626
Telefax:     (907) 274-9819

Attorneys for Defendant Caroline Prosser

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

ALLSTATE INSURANCE COMPANY,  )
                             )
                  Plaintiff, )
                             )
vs.                          )
                             )
CAROLINE PROSSER,            )
                             )
                  Defendant. )
_____) Case No. A05-060 CI (CV)

**MEMORANDUM IN OPPOSITION TO ALLSTATE'S MOTION FOR SUMMARY JUDGMENT DISMISSING PROSSER'S PUNITIVE DAMAGES CLAIM AND IN SUPPORT OF PROSSER'S MOTION FOR SUMMARY JUDGMENT ON PUNITIVE DAMAGES**

**I. SUMMARY OF POSITION**

Allstate seeks summary judgment that Prosser cannot recover punitive damages under applicable UM coverage on the grounds that the bad conduct of her abductors that give rise to punitive damages occurred prior to Prosser's jump from the moving vehicle. Prosser, on the other hand, seeks summary judgment that (1) Prosser is entitled to punitive damages as a matter of law and (2) the UM coverage in the underlying policy does apply to those punitive damages at least to the extent they arising from the jump or the acts or conduct of Prosser's abductors which led or contributed to Prosser's decision to jump and (3) that Prosser's claim for both compensatory and punitive damages arising out of the jump necessarily include damages from those acts of Prosser's abductors which led or contributed to Prosser's decision to jump.

The issue of entitlement to punitive damages is a separate and distinct question from whether or not the PUP's UM coverage applies to punitive damages. Prosser concedes, based on the authority cited by Allstate, that the statutory UM coverage deemed to be provided under the PUP does not apply to punitive damages. However, based on that same authority, the UM coverage provided by Prosser's underlying automobile policy clearly does apply to punitive damages. Prosser's right to punitive damages and coverage for punitive damages from the underlying automobile UM coverage is important in this action despite the fact the PUP UM coverage does not cover punitive damages because if Allstate is able to limit the UM coverage to compensatory damages, Allstate can argue later that the $100,000 plus interest and attorney fees paid (the underlying policy's UM limits) necessarily applied to the compensatory damages that will be awarded herein. Prosser would then be unjustly deprived of the automobile policy's UM coverage for punitive damages.

## II. FACTS

The relevant facts are stated in detail in Prosser's Memorandum in Support of Motion for Summary Judgment dated October 7, 2005 filed herein. Doc. 16 at 1-8. Those facts and the evidence supporting them attached thereto are incorporated herein by this reference. In summary, Mrs. Prosser was assaulted in a parking garage and forced into her vehicle. Her assailants drove around Anchorage while holding Prosser at gun point and threatening her with mutilation and death–ultimately leading her to believe her abductors were transporting her to an remote location (the Point) to kill her. To save her own life, she was forced to jump from the vehicle which was moving at approximately 45 miles per hour.

The abductors were not insured. Allstate had issued Prosser two policies. The first was an Allstate Automobile Liability Policy No. 017574926 which provided Uninsured and Underinsured

Motorist Coverage ("UM Coverage") of $100,000 per person and $300,000 per accident. Doc. 16, Exhibit A. Allstate paid the per-person policy limits ($100,000 plus interest and attorney fees) to Mrs. Prosser without release or agreement. Prosser was also a named insured under another Allstate policy, a Personal Umbrella Policy ("PUP"), Policy No. 064594012, which provides statutorily mandated UM Coverage of $1 Million. Doc 16, Exhibit B.

### III. PRIOR RULING

The parties filed cross motions for summary judgment on the applicability of the PUP's UM coverage to the events on May 18, 2001 and this court entered its ruling thereon. Doc. 29. This court ruled that the injuries sustained prior to the time Prosser was forced into the car at the Penny's parking garage where clearly not the result of the use of the automobile as an "active accessory" or for "transportation purposes". As to injuries sustained from Prosser jumping out of the car, the court ruled them to be within the UM coverage because the vehicle was an active accessory and the criminal acts of Prosser's abductors did not amount to an act of independent significance breaking the causal link between the moving vehicle and the injuries sustained when Prosser was forced to jump and because the vehicle was being used to transport Prosser at the time she was injured. As to the injuries sustained while in the car, this court ruled against coverage even though the car was being used to hold and transport Prosser at the because the vehicle was merely the location of the injury, the anxiety caused by captivity and threats of bodily harm could as easily have occurred elsewhere and the criminal acts causing the mental anxiety were acts of independent significance breaking the necessary causal connection to the motor vehicle. Doc 29 at 9-12. This Court did not rule that the cause of the jump would not be included in determining what damages arose out of the jump as Allstate is now interpreting the ruling.

**IV. ARGUMENT**

A. <u>The Conduct of Mrs. Prosser's Assailants Support an Award of Punitive Damages.</u>

Prosser is entitled to an award of punitive damages if she can establish by clear and convincing evidence that the defendant's conduct (1) was outrageous, including acts done with malice or bad motive; or (2) evidence reckless indifference to the interest of another person. AS 09.17.020(b). See also *Robles v. Shoreside Petroleum, Inc.*, 29 P.3d 838, 846 (Alaska 2001) quoting *Chizman v. Mackie*, 896 P.2d 196, 210 (Alaska 1995). Alaska has adopted the Restatement view that a party's conduct is in reckless disregard to the safety of another if he does an act knowing or having reason to know of facts which led a reasonable man to realize not only that his conduct creates an unreasonable risk of physical harm to another but also that such risk is substantially greater than that which is necessary to make his conduct negligent. *Hayes v. Xerox Corp.*, 718 P.2d 929, 935 (Alaska 1986) (quoting RESTATEMENT (SECOND) OF TORTS, § 500 (1964)). In this case, Mrs. Prosser is entitled to summary judgment for punitive damages because there is no genuine issue of material fact concerning the conduct of her abductors. FRCP 56. As a matter of law, the acts of her abductors were outrageous, done with malice or bad motives and clearly evidence reckless indifference to the interest of another person. Her abductors were convicted for their conduct and as a result of those convictions would be estopped to deny their conduct did not evidence reckless indifference to the interest of Prosser. *See Lamb v. Anderson*, S-11936 (Alaska 11-17, 2006); Burcina v. City of Ketchikan, 902 P 2d 817, 822 (Alaska 1995); Rickard v. State, 71 P 3d 811, 832 (Alaska 2003).

The Supreme Court has ruled that threats of bodily harm, coupled with personal assaults provided ample evidence of conduct which justifies a punitive damages award 18 times greater than the compensatory damages under the clear and convincing standard. *See International*

*Brotherhood of Electrical Workers, Local 1547 v. Alaska Util. Const., Inc.*, 976 P.2d 852 (Alaska 1999). The conduct here is even more outrageous.

      B.    <u>The Statutory UM Coverage Deemed to Be Provided under the PUP in this Case Does Not Apply to Punitive Damages.</u>

Defendant agrees with Allstate, for the reasons stated by Allstate, that there is no coverage under Mrs. Prosser's PUP for punitive damages. Allstate relies on *State Farm v. Harrington*, 918 P.2d 1022 (Alaska 1996) as establishing that the UM coverage provided under the auto policy must "mirror" the coverage provided under the policies liability coverage. One reason for this is that the purpose of AS 21.89.020(c) is to "provide for the insured, as an injured claimant, the same benefit level as that provided by the insured to those asserting claims against the insured." *Id* at 1026. *State Farm Mutual Automobile Insurance Col. v. Lawrence*, 26 P.3d 1074, 1079 (Alaska 2001). In *Lawrence*, Wohltman ran a stop sign crashing into the car Lawrence was driving. Wohltman admitted he had been speeding and did not stop at the stop sign because he was suicidal. Judge Shortell granted summary judgment that punitive damages awarded under those circumstances were covered by under the UM/UIM policy, even though it did not provide for coverage for punitive damages. On appeal, the Alaska Supreme Court held that because the liability coverage did not exclude coverage for punitive damages but rather promised to "pay damages which an insured becomes legally liable to pay because of ... bodily injuries to others" and because a person may become liable for punitive damages, the coverage extended to punitive damages. Since the liability coverage extended to punitive damage, under AS 21.89.020 and *Harrington*'s mirror rule, the UM coverage extended to punitive damages as well. *Id.* at 1079-80. In this case, Prosser's PUP policy excludes punitive damages. It follows therefore that because Prosser's PUP's liability coverage excludes punitive damages, the PUP's UM coverage similarly excludes punitive damages.

*Allstate Insurance Company v. Caroline Prosser,* Case No. A05-060 CI (JWS)
Memorandum in Opposition to Allstate's Motion for Summary Judgment Dismissing Prosser's Punitive Damages Claim and in Support of Prosser's Motion for Summary Judgment on Punitive Damages - Page 5

   C. <u>Prosser's Underlying Automobile Policy's UM Coverage Applies to Punitive Damages and Prosser Is Entitled to Punitive Damages under That Policy's UM Coverage.</u>

   For exactly the same reasons and on the basis of the same authority as stated in section B above, Prosser's underlying automobile policy's UM coverage applies to punitive damages. The material terms of the insurance policies in *Lawrence* and the automobile policy in this case are not materially different. Prosser's underlying automobile coverage policy has coverage language similar to that in the policies in *Lawrence* with no exclusion for punitive damages. Doc. 16, Exhibit A, pp. 7, 25, 26, 41 and 43. The same policy considerations and rationale apply. Prosser is entitled to summary judgment that Prosser's underlying automobile policy's UM coverage applies to punitive damages.

   That leaves only the question of whether Prosser is entitled to punitive damages that arose out of "the ownership, maintenance or use" of an uninsured motor vehicle. In ruling on the previous cross motions for summary judgment, this Court noted that the series of events which affected Mrs. Prosser on May 18, 2001 cannot be considered separately and in isolation for purposes of determining whether or not what occurred to Mrs. Prosser was "caused by accident." Doc 29 at p. 7. However, when addressing the question of whether Mrs. Prosser's injuries arose out of "the ownership, maintenance or use" of an uninsured motor vehicle, this Court separated injuries sustained by Prosser when she jumped from the motor vehicle (ruling coverage applied thereto) from other bodily injuries suffered by Prosser on May 18, 2001 (ruling coverage did not apply thereto). Prosser maintains that because the vehicle was an active accessory in some material part, the damages sustained from the entire series of events (perhaps with the exclusion of the assaults in the garage) were covered. This court disagreed but did rule that damages from the jump were covered. Allstate now argues that because this court has ruled the UM coverage is

limited to the injuries sustained from the jump, there can be no punitive damages because all the bad acts that would support punitive damages happened before Mrs. Prosser was actually airborne. Mrs. Prosser understood this Court's ruling to be that damages resulting from her jump were covered and that would necessarily include damages from the acts of her assailants *that caused her to jump*. If Allstate is correct and this Court intended to limit damages to the jump without consideration of the cause of the jump, this Court is respectfully requested to reconsider that ruling. Even if Prosser's UM coverage is limited to damages resulting from her "jump" from the moving vehicle, Prosser is entitled to punitive damages because the outrageous and criminal conduct of her abductors caused her to jump; it was the equivalent of a push of Prosser out of a moving vehicle at 45 miles per hour. If Allstate's interpretation is correct, in a case where the victim was pushed from a moving vehicle, the vehicle would be an active accessory to the fall, but the push would not be grounds for damages either because it would be an act of independent significance breaking the necessary causal connection to the vehicle or because the push could have as easily occurred elsewhere so no coverage exists. Under Allstate's interpretation, this Court has effectively ruled a jury, in such a case, when determining the type and amount of damages, could not consider the push; only the flight through the air and the impact with its result to the body.

This court already rejected Allstate's argument that because Prosser intended to jump, this was not an "accident" for UM purposes. This Court should similarly reject the argument that the jump was some voluntary act isolated from the acts that caused it. Prosser was not acting irrationally or suicidal. While being transported in a vehicle with a gun pointed at her, Prosser was, in effect, told that she was being transported to a remote location to be killed. When all other options she could think of failed, she jumped from the moving vehicle to save her life. That is the equivalent of being pushed out the car door. The cause of the jump is as critical to a jury determining the type and amount of damages from the jump as the many other factors related to

*Allstate Insurance Company v. Caroline Prosser,* Case No. A05-060 CI (JWS)
Memorandum in Opposition to Allstate's Motion for Summary Judgment Dismissing Prosser's Punitive Damages Claim and in Support of Prosser's Motion for Summary Judgment on Punitive Damages - Page 7

the jump such as its length, duration, impact, etc.

Because the UM coverage in the underlying automobile policy applies to the jump and covers punitive damages, Prosser is entitled to an award of punitive damages to which she can apply the sums paid under the underlying automobile policy.

### V. CONCLUSION

In conclusion, Prosser requests this Court grant summary judgment as follows:

1. In favor of Allstate that the statutory UM coverage deemed to be provided under the PUP does not apply to punitive damages;

2. In favor of Prosser that Prosser is entitled to punitive damages as a matter of law because of the undisputed acts and conduct of her abductors;

3. In favor of Prosser that the UM coverage in the underlying policy does apply to those punitive damages at least to the extent they arising from the jump or from the acts or conduct of Prosser's abductors which caused or contributed to Prosser's decision to jump;

4. In favor of Prosser, that her claim for both compensatory and punitive damages arising from the jump necessarily includes damages arising from those acts or conduct of Prosser's abductors which led or contributed to Prosser's decision to jump.

DATED at Anchorage, Alaska, January 25, 2007.

CHOQUETTE & FARLEIGH, LLC
Attorneys for Defendant Caroline Prosser

By /s/ William L. Choquette
   William L. Choquette
   ABA No. 7410066
   Choquette & Farleigh, LLC
   629 L Street, Suite 101
   Anchorage, Alaska 99501
   Telephone: (907) 274-4626
   Telefax:   (907) 274-9819

1  This is to certify that a copy of the foregoing
   document was served January 25, 2007
2  electronically on Barry J. Kell.

3  /s/ William L. Choquette
   William L. Choquette

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25  *Allstate Insurance Company v. Caroline Prosser,* Case No. A05-060 CI (JWS)
    Memorandum in Opposition to Allstate's Motion for Summary Judgment Dismissing Prosser's Punitive Damages
    Claim and in Support of Prosser's Motion for Summary Judgment on Punitive Damages - Page 9