Barry J. Kell
CALL, HANSON & KELL, P.C.
250 H Street
Anchorage, Alaska 99501-2112
(907) 258-8864
(907) 258-8865 (fax)
E-mail: barry@chklaw.net

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| ALLSTATE INSURANCE COMPANY, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) |
| CAROLINE PROSSER, | ) ) |
| Defendant. | ) ) ) |

Case No. A05-060-CI (JWS)

## ALLSTATE'S REPLY REGARDING ITS MOTION FOR SUMMARY JUDGMENT DISMISSING PROSSER'S PUNITIVE DAMAGES CLAIMS AND OPPOSITION TO PROSSER'S MOTION FOR SUMMARY JUDGMENT ON PUNITIVE DAMAGES

Defendant Caroline Prosser ("Prosser") has filed what she characterizes as an opposition to plaintiff Allstate Insurance Company's ("Allstate") summary judgment motion seeking dismissal of Prosser's punitive damages claims in this case. Prosser's opposition, however, concedes that she is not entitled to recover punitive damages under the umbrella policy ("PUP") at issue. Prosser also has filed her own cross-

*Allstate v. Prosser*
Case No. A05-060 Ci. (JWS)
Allstate's Reply and Opposition Regarding the Parties' Motions for Summary Judgment
    With Respect to Prosser's Punitive Damages Claims
Page 1

motion for summary judgment, seeking a ruling that she is entitled to present evidence supporting an award of punitive damages to the jury at trial even though she admittedly cannot recover punitive damages under the PUP.

Prosser's admission that punitive damages are not available under the PUP is dispositive of all issues regarding punitive damages in this case. This case does not involve questions of whether Prosser may have been able to assert punitive damages against her assailants had she sued them. Rather, the sole issue in this case is the determination of what, if any, amounts Prosser may be entitled to recover under the PUP's UM coverage. And because there is no coverage for punitive damages under the PUP, Allstate is entitled to summary judgment dismissing Prosser's punitive damages claims.

At the time of the incident giving rise to Prosser's claim, she had UM coverage under an Allstate auto policy and the PUP. The parties agree that Allstate paid Prosser the full UM policy limit under her underlying auto policy. Any obligations Allstate had under that policy, and any claim Prosser had against Allstate under that policy, were extinguished by Allstate's payment of the policy limit. Nevertheless, Prosser argues that, even though the PUP does not cover punitive damages, she should be allowed to introduce evidence in support of a punitive damages claim.

*Allstate v. Prosser*
Case No. A05-060 Ci. (JWS)
Allstate's Reply and Opposition Regarding the Parties' Motions for Summary Judgment
    With Respect to Prosser's Punitive Damages Claims
Page 2

**CALL, HANSON & KELL, P.C.**
250 H. Street
Anchorage, Alaska 99501-2112
Phone (907) 258-8864 • Fax (907) 258-8865

According to Prosser, because the underlying auto policy does not exclude coverage for punitive damages, the jury in this case should award both compensatory and punitive damages, any punitive damages assessed by the jury should be attributed to Allstate's prior payment of the auto policy UM limits, and Prosser's compensatory damages should be recoverable under the PUP without regard to Allstate's prior principal payment of $100,000 under the auto policy.

As Prosser herself tacitly recognizes in her briefing, though, her argument fails because this court already has ruled that her UM coverage does not apply to any damages she may have incurred as a result of any acts committed by the assailants prior to the time they forced into her vehicle or during the time that she was held captive and terrorized in the vehicle. In its Order on the parties' initial summary judgment motions, Doc. 29, the court unambiguously held that only damages for injuries resulting from Prosser's jump from the vehicle are covered under the PUP's UM coverage. Specifically, the court held that the UM coverage does not apply to Prosser's claims for emotional distress and anxiety arising from the threats and abuse she endured while she was being held in the vehicle. Doc. 29 at 11-12.

As the court recognized, it was the criminal acts of Prosser's assailants that caused her to experience emotional distress and anxiety

*Allstate v. Prosser*
Case No. A05-060 Ci. (JWS)
Allstate's Reply and Opposition Regarding the Parties' Motions for Summary Judgment
    With Respect to Prosser's Punitive Damages Claims
Page 3

CALL, HANSON & KELL, P.C.
250 H. Street
Anchorage, Alaska 99501-2112
Phone (907) 258-8864 • Fax (907) 258-8865

while she was inside the car.  Under the *Shaw/Velthouse* factors, the court stated, there is no coverage for that emotional distress and anxiety "because the criminal acts were acts of independent significance breaking the necessary causal connection to the motor vehicle.  It was quite literally the acts and threats of the criminals which caused the anxiety.  Without them no anxiety would have been experienced, just as no injury would have been suffered in *Velthouse* absent the discharge of the shotgun."  Doc. 29 at 12. The same reasoning applies to Prosser's punitive damages claims.  By Prosser's own admission, the only basis for an award of punitive damages is the criminal acts of Prosser's assailants: "Prosser is entitled to punitive damages *because the outrageous and criminal conduct of her abductors caused her to jump.*"  Doc. 47 at 7 (emphasis added).  But as this court already has held, damages resulting from that criminal conduct are not covered under the UM coverage.

Prosser's arguments confuse the conduct of the criminals with Allstate's obligations under the UM coverage.  Prosser is correct that the criminal acts of her attackers could support an award of punitive damages *against the criminals themselves.*  Had Prosser sued her attackers, she no doubt would have been able to ask the jury in such a case to award punitive damages against them.

This, however, is not that case.  Prosser's counterclaim seeks

*Allstate v. Prosser*
Case No. A05-060 Ci. (JWS)
Allstate's Reply and Opposition Regarding the Parties' Motions for Summary Judgment
    With Respect to Prosser's Punitive Damages Claims
Page 4

CALL, HANSON & KELL, P.C.
250 H. Street
Anchorage, Alaska 99501-2112
Phone (907) 258-8864 • Fax (907) 258-8865

damages recoverable under the contractual UM coverage. As this court already has held, Prosser is not entitled to recover damages under the PUP's UM coverage caused by her attackers' criminal acts because those acts do not constitute the "use" of a motor vehicle for purposes of the UM coverage. The same is true with respect to any punitive damages claims Prosser may have sought to assert under the UM coverage provided under the auto policy. Like AS 28.20.440(b)(3), the statute specifying the terms of the UM coverage deemed to be provided under the PUP, the UM coverage under Prosser's primary auto policy also applies only to damages "aris[ing] out of the ownership, maintenance or use of an uninsured or underinsured auto." Doc. 16, Ex. A, p. 41. Accordingly, the auto policy's UM coverage, like that available under the PUP, applies only to damages arising from Prosser's jump from the vehicle; it does not cover damages arising from the criminal acts of the attackers before she was forced into the vehicle or during the time in which she was held captive in the vehicle.[1]

Prosser argues that, because she is entitled to damages she suffered as a *result* of her jump, she also should be entitled to damages based on the

---

[1] Prosser argues that coverage for punitive damages arising from the attackers' criminal acts should exist under the auto policy because that policy does not exclude coverage for punitive damages. However, the lack of a punitive damages exclusion is irrelevant because the acts forming the basis of Prosser's punitive damages claims are not covered in the first place. The absence of an exclusion cannot create coverage where coverage otherwise does not exist.

*Allstate v. Prosser*
Case No. A05-060 Ci. (JWS)
Allstate's Reply and Opposition Regarding the Parties' Motions for Summary Judgment
    With Respect to Prosser's Punitive Damages Claims
Page 5

CALL, HANSON & KELL, P.C.
250 H. Street
Anchorage, Alaska 99501-2112
Phone (907) 258-8864 • Fax (907) 258-8865

criminal conduct that *caused* her to jump. According to Prosser, under the circumstances that confronted her, her decision to jump "is the equivalent of being pushed out of the car door." Doc. 47 at 7. Prosser overlooks the fact that, had she been pushed from the moving car, there would be no coverage even for damages arising from her exit from the vehicle: there is no question that being pushed from a moving vehicle would constitute "an act of independent significance . . ., breaking the causal link between 'use' of the vehicle and the injuries inflicted." *Shaw v. State Farm Mutual Automobile Insurance Companies*, 19 P.2d 588, 592 and nn. 28 and 30 (Alaska 2001).

Moreover, the court already dismissed that argument in its previous summary judgment order, Prosser's protestations to the contrary notwithstanding. Prosser's contention that the prior summary judgment order should be read to allow her to recover damages arising from the criminal acts perpetrated against her grossly misinterprets that order and the case law upon which it is based.

Allstate in no way seeks to diminish the contemptible nature of the offenses inflicted on Prosser or her own personal courage and fortitude in the face of the events that confronted her. Allstate agrees that the jury will have to be informed of the events leading up to her jump from the vehicle, including some description of the criminal acts committed against her.

*Allstate v. Prosser*
Case No. A05-060 Ci. (JWS)
Allstate's Reply and Opposition Regarding the Parties' Motions for Summary Judgment
    With Respect to Prosser's Punitive Damages Claims
Page 6

CALL, HANSON & KELL, P.C.
250 H. Street
Anchorage, Alaska 99501-2112
Phone (907) 258-8864 • Fax (907) 258-8865

However, the jury also will have to be instructed, consistent with this court's holdings, that it may not award damages based on that criminal conduct. Again, the issue that will be presented to the jury is the determination of Prosser's damages based on the injuries she received when she jumped from the vehicle, because only those damages are covered under her UM coverage.

Prosser admittedly suffered injuries in the initial assault in the parking garage and in the sequence of events that transpired while she was in the vehicle. Those injuries, though, are not covered under her UM coverage, nor are any punitive damages that she may have been entitled to recover against the criminals who inflicted those injuries on her. Prosser's assailants' criminal and tortious conduct did not arise from the ownership, maintenance, or use of an uninsured motor vehicle. Prosser jumped because of the violence and threats committed against her. None of the criminals committed any act against her once she opened the car door and launched herself through it, and therefore Prosser has no claim for punitive damages under her UM coverage as a result of her jump from the vehicle.

Prosser agrees that there is no coverage for punitive damages under the PUP's UM coverage. Under the court's prior rulings in this case, Prosser would not have been entitled to recover punitive damages under the auto policy's UM coverage because the conduct giving rise to claims for punitive

*Allstate v. Prosser*
Case No. A05-060 Ci. (JWS)
Allstate's Reply and Opposition Regarding the Parties' Motions for Summary Judgment
    With Respect to Prosser's Punitive Damages Claims
Page 7

CALL, HANSON & KELL, P.C.
250 H. Street
Anchorage, Alaska 99501-2112
Phone (907) 258-8864 • Fax (907) 258-8865

damages was not covered under that policy.  Allstate is entitled to judgment

in its favor dismissing with prejudice Prosser's punitive damages claims.

Additionally, the court should deny Prosser's Motion for Summary

Judgment on Punitive Damages, and order that Prosser may not seek any

type of punitive damages award in this case.


CALL, HANSON & KELL, P.C.
Attorneys for Plaintiff
Allstate Insurance Company


Dated: February 12, 2007

s/Barry J. Kell
250 H Street
Anchorage, AK  99501
Phone:  (907) 258-8864
Fax: (907) 258-8865
E-mail: barry@chklaw.net
ABA No. 8611120

**CERTIFICATE OF SERVICE**

I certify that on this the 12th
day of February, 2007, a true
and correct copy of the foregoing
document, and attachments if
any, were served electronically upon
the following counsel of record:

William L. Choquette, Esq.
Choquette & Farleigh, LLC
629 L Street, Suite 101
Anchorage, Alaska  99501

s/Barry J. Kell

G:\00 CHK Law\Allstate\2101\005 - Prosser\Pleadings\Reply-Opp re punitive damages.doc

*Allstate v. Prosser*
Case No. A05-060 Ci. (JWS)
Allstate's Reply and Opposition Regarding the Parties' Motions for Summary Judgment
   With Respect to Prosser's Punitive Damages Claims
Page 8

CALL, HANSON & KELL, P.C.
250 H. Street
Anchorage, Alaska 99501-2112
Phone (907) 258-8864 • Fax (907) 258-8865