William L. Choquette
ABA No. 7410066
Choquette & Farleigh, LLC
629 L Street, Suite 101
Anchorage, Alaska 99501
Telephone: (907) 274-4626
Telefax:     (907) 274-9819

Attorneys for Defendant Caroline Prosser

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| ALLSTATE INSURANCE COMPANY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| CAROLINE PROSSER, | ) |
| | ) |
| Defendant. | ) |
| _____ | ) Case No. A05-060 CI (CV) |

### PROSSER'S REPLY IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT ON PUNITIVE DAMAGES

Caroline Prosser is not confusing the conduct of the criminals with Allstate's obligations under the UM coverage with respect to punitive damages. As to Prosser's right to collect punitive damages from her assailants, both parties agree the conduct of Prosser's attackers support an award of punitive damages against those criminals. Doc. 47 at 4-5; Doc. 51 at 4. Prosser is entitled to that ruling on summary judgment *whether or not* the acts supporting those punitive damages would also meet UM coverage criteria.

The parties further agree there is no UM coverage for punitive damages under the PUP policy, again *whether or not* the acts supporting punitive damages would fall within UM coverage. The policy excludes UM coverage for punitive damages implicitly under the mirror rule. Allstate is entitled to that ruling.

Although Allstate dances around the subject, it should also be undisputed that there **is** UM coverage for punitive damages that meets UM coverage criteria under the automobile policy based on the same mirror rule. Allstate's own argument concerning the PUP policy establishes the applicability of the auto policy's UM coverage to punitive damages. Nevertheless, Allstate seeks to avoid that ruling by arguing that coverage for punitive damages under the PUP is the only thing before the Court. "Any obligations Allstate had under that policy (the underlying auto policy), and any claim Prosser had against Allstate under that policy, were extinguished by Allstate's payment of the policy limit". Dec. 51 at 2. That is correct **if** Allstate does not object to Prosser's application of that payment to punitive damages. If Allstate expects to reduce the compensatory damages award in this case by the sum it paid out from the underlying policy's UM coverage, Prosser's application of that prior payment to the punitive damages becomes an issue in this case and should be addressed now. Further, unless Allstate agrees the punitive damages to which Prosser is entitled exceeds the underlying auto policy's principal UM limit that it has paid, the issue of the amount of punitive damages should be presented to the jury in this case to avoid a second trial.

Allstate next argues that there can be no punitive damages in any event because the conduct that would warrant punitive damages is outside the scope of UM coverage. In support thereof, it relies almost solely upon this Court's prior ruling. Prosser disagrees with Allstate's broad reading of this court's prior ruling. Prosser's motion was intended to fit within the reasonable interpretation of this Court's prior ruling limiting UM coverage to damages from the jump by only seeking a declaration that the UM coverage in the underlying automobile policy applies to punitive damages *to the extent they arise from the jump or from the acts or conduct of Prosser's abductors which caused or contributed to Prosser's decision to jump*. Doc. 47 at 8.

*Allstate Insurance Company v. Caroline Prosser,* Case No. A05-060 CI (JWS)
Prosser's Reply in Support of Motion for Summary Judgment on Punitive Damages - Page 2

1  The parties agree that this Court has ruled the assaults in the J.C. Penney's parking garage that occurred prior to Prosser being forced into the automobile are not covered by UM coverage.

The parties also agree that this Court has ruled the injuries sustained from Prosser's jump out of the vehicle are within the UM coverage because (1) the car was an active accessory; (2) even though the criminal conduct of the abductors occurred in the car prior to the jump, "the criminal conduct of the abductors was not an 'act of independent significance' that broke the causal link between the moving vehicle and the injuries sustained when Prosser exited the vehicle ... The assault and abduction do not intervene to eliminate Ms. Prosser's UM coverage for injuries sustained when she jumped from the moving vehicle to avoid being killed."and (3) the Yukon was being used to transport Prosser at the time she was injured. Doc. 29 at 11.

What the parties don't agree on is the scope or intent of the ruling concerning the "jump". Allstate thinks this court has ruled that **all** the tortuous conduct in the car prior to the jump, *specifically including the conduct causing the jump itself*, has been now legally ruled to be outside the scope of UM coverage. Prosser, on the other hand, believes this Court has ruled that the UM coverage does not apply to damages Prosser sustained *in the car* from the various torts committed in the car,[1] but to the extent *some of* that same conduct contributed to or caused the jump, this Court has not precluded UM coverage for damages arising from that particular conduct because it is inseparable from the jump itself. It would not make sense for this Court's ruling to be interpreted that the jump is within the UM coverage criteria but the conduct causing the jump is not. Allstate itself agrees the conduct that led to this sane non-suicidal woman jumping from a moving car will have to be presented to the jury. Doc. 51 at 6. That is because the conduct causing

---

[1] This Court ruled: "On balance, the factors which Alaska law directs this Court to consider establish that there is no coverage for the mental anxiety suffered while Prosser was in the Yukon." Doc. 29 at 12.

*Allstate Insurance Company v. Caroline Prosser,* Case No. A05-060 CI (JWS)
Prosser's Reply in Support of Motion for Summary Judgment on Punitive Damages - Page 3

the jump is an integral part of the jump itself. Any torts committed against Mrs. Prosser in the car that had nothing to do with its movement (assault; attempted theft) may rationally be separated from conduct that caused the jump because for those torts, the car was just the situs of the conduct and not an active accessory. However, the conduct that caused the jump cannot rationally be separated from the jump itself. If UM coverage applies to the "accident" it necessarily applies to the conduct that causes the accident. In this case, the medical providers will be asked to opine on what proportion of the mental and physical consequences to Mrs. Prosser from the entire incident can reasonably be attributable to the jump. It is difficult to conceive how the jurors (or witnesses) would also separate the reason for the jump from the jump, in determining liability and damages, particularly in determining the mental damage proximately resulting from the jump.[2]

Because the conduct causing or contributing to the jump is inseparable from the decision to jump and the jump itself, that conduct is relevant to both liability and an award of compensatory damages arising from the jump. Because the jump is within the scope of UM coverage, that conduct is also within that coverage. The same conduct is relevant to liability for punitive damages from the same jump and Prosser should be able to recover punitive damages for that conduct from Allstate if the UM coverage applies to punitive damages. While the PUP UM coverage does not apply to punitive damages, the underlying automobile policy's UM coverage does. It would be unjust for Allstate to deprive Prosser of that coverage by convincing this Court that the issue is not before it and then seeking a credit because there was no punitive damages award.

---

[2] Prosser intends to request jury instructions that instructs the jury to award full damages (including punitive damages unless Allstate agrees to Prosser's application of the sum already paid thereto) for all activity of the assailants on that day as prayed for in the complaint, coupled with special interrogatories asking the jury to divide the total damages between (1) actions before she was forced into the car; (2) actions in the car which were not materially related to the jump; and (3) actions in the car that caused or contributed to the decision to jump and the jump.

*Allstate Insurance Company v. Caroline Prosser,* Case No. A05-060 CI (JWS)
Prosser's Reply in Support of Motion for Summary Judgment on Punitive Damages - Page 4

1    In summary, Prosser is entitled to an award of punitive damages against her assailants as
2  a matter of law.  While the PUP's UM coverage excludes punitive damages under the mirror rule,
3  the underlying auto policy's UM coverage applies to punitive damages under that same rule.  The
4  policy
5  limit on the underlying auto UM coverage was paid without conditions.  Prosser applied it to the
6  punitive damages she is entitled to receive.  Allstate seeks to take that coverage away from Prosser
7  by seeking summary judgment that no conduct of the assailants that justify punitive damages fit
8  within the UM coverage criteria based on its interpretation of this court's prior ruling. Prosser
9  maintains this court intended its ruling to necessarily include the conduct that caused or contributed
10 to the jump with the jump.  If that was not the intent of this court, Prosser requests the court
11 reconsider its ruling because the jump cannot be logically be separated from the cause thereof and
12 the vehicle was an active accessory to both.   If the conduct which caused or contributed to the
13 jump is included within the UM coverage criteria, that conduct supports a punitive damages award
14 and while Allstate is indeed entitled to a ruling that the PUP UM coverage does not include
15 punitive damages, Prosser is entitled to a ruling that the underlying auto policy's UM coverage
16 does apply to punitive damages if they arise from actions that meet the UM criteria.  The conduct
17 of the assailants that caused or contributed to the jump(as opposed to other conduct occurring in
18 the car prior to the jump) both meets that criteria and justifies punitive damages as a matter of law
19 or, if the court sees a genuine issue of material fact as to what criteria caused or contributed to the
20 jump, the issue should be left with the jury.  Similarly, the amount of punitive damages from that
21 conduct which caused or contributed to the jump should be in excess of the amount paid as a matter
22 of law, eliminating the need to try the punitive damages issue or, if the Court sees a genuine issue
23 of material fact related thereto, the amount should be left to the jury.
24
25 *Allstate Insurance Company v. Caroline Prosser,* Case No. A05-060 CI (JWS)
Prosser's Reply in Support of Motion for Summary Judgment on Punitive Damages - Page 5

DATED at Anchorage, Alaska, February 16, 2007.

CHOQUETTE & FARLEIGH, LLC
Attorneys for Defendant Caroline Prosser


By \s\ William L. Choquette
William L. Choquette
ABA No. 7410066
Choquette & Farleigh, LLC
629 L Street, Suite 101
Anchorage, Alaska 99501
Telephone: (907) 274-4626
Telefax: (907) 274-9819

This is to certify that a copy of the foregoing document was electronically served on February 16 , 2007 on Barry J. Kell.

\s\ William L. Choquette
William L. Choquette

*Allstate Insurance Company v. Caroline Prosser,* Case No. A05-060 CI (JWS)
Prosser's Reply in Support of Motion for Summary Judgment on Punitive Damages - Page 6